UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO: 3:24-CR-88-KHJ-LGI

DANIEL CHRISTIAN JOHNSON

AMENDED ORDER TO TEMPORARILY COMMIT DEFENDANT FOR COMPETENCY RESTORATION

Before the Court, pursuant to 18 U.S.C. § 4241(d), the parties jointly move to commit defendant Daniel Christian Johnson for restoration of competence to stand trial. The Court conducted a hearing on the matter where a U.S. Bureau of Prisons ("BOP") psychologist testified in the presence of the defendant, and both parties had an opportunity to question the witness. At the end of the hearing, both parties agreed that additional treatment was necessary.

By earlier order, the Court directed the BOP to evaluate Daniel Christian Johnson for competency [14]. As reflected in the Forensic Report dated December 11, 2024, received by the Court and reviewed by both parties, a BOP psychologist has concluded that Mr. Johnson is not competent to proceed with the court proceedings against him. Based on the report, the BOP psychologist's testimony, and her expert opinion, the Court finds that Mr. Johnson presently is suffering from a mental disease or defect rendering him mentally incompetent to the point that he cannot assist properly in his defense.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 4241(d), that Daniel Christian Johnson is committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility for a reasonable time, not to exceed 120 days from when Johnson arrives at the BOP facility, to determine whether there is a substantial probability that he will, in the foreseeable future, become competent to stand trial.

Within 120 days from Johnson's arrival at the BOP facility, the Attorney General shall provide the Court a report as to Daniel Christian Johnson's mental condition, whether competency has been restored, or whether it is necessary to hospitalize the defendant for additional reasonable time, if there is a substantial probability that an additional time will restore the defendant to competency to stand trial.

IT IS FURTHER ORDERED that once competency is established, a psychiatric or psychological evaluation, pursuant to 18 U.S.C. § 4242, is to be conducted to determine the existence of insanity of the defendant at the time the offense was committed. Following such a psychiatric or psychological evaluation, a report is to be prepared, filed with the Court, with copies provided to the defense and the Government, such report is to include whether the defendant was insane at the time of the offense charged; and if the defendant is convicted of this charge, any recommendation that examiner may have as to how the mental condition of the defendant should affect a sentence to be imposed, if any.

SO ORDERED this the 24th day of January, 2025.

>*/s Kristi H. Johnson*
> UNITED STATES DISTRICT JUDGE